UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

JONA RECHNITZ,

Defendant.

---

No. 16-cr-___ (RJS)
<u>SEALED ORDER</u>

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of an application from the government requesting that (1) the Information and related charging paperwork in this matter remain under seal until further order of the Court; (2) the courtroom be closed for the defendant's waiver of indictment and guilty plea on June 6, 2016; (3) the transcript of the defendant's waiver of indictment and plea be sealed until further order of the Court; and (4) docketing of the Information, related charging paperwork, and the defendant's waiver of indictment and plea be delayed until further order of the Court. Having reviewed the enclosed affidavit from the government, the Court concludes that active law enforcement investigations would be compromised if the government's application is not granted. Therefore, the Court concludes that the presumption of open records has been rebutted. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (recognizing that "the danger of impairing law enforcement" may justify sealing).

Accordingly, IT IS HEREBY ORDERED that (1) the Information and related charging paperwork in this matter shall be sealed until further order of the Court; (2) the courtroom shall be closed for the defendant's waiver of indictment and plea; (3) the transcript of the defendant's waiver of indictment and plea shall be sealed until further order of the Court; and (4) the docketing of the Information, related charging paperwork, the defendant's waiver of indictment and plea, and the transcript of the defendant's

waiver of indictment and plea shall be delayed until further order of the Court. IT IS FURTHER ORDERED that this Order and the related Application be sealed and their docketing delayed until further order of the Court. IT IS FURTHER ORDERED that the government shall report to the Court within 30 days regarding the continuing need, if any, to maintain these matters under seal. IT IS FURTHER ORDERED that the government shall submit a courtesy copy of this report by email to the Court at sullivanNYSDchambers@nysd.uscourts.gov.

SO ORDERED.

Dated:    June 3, 2016
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x
                                       :
UNITED STATES OF AMERICA               :   SEALED AFFIRMATION
                                       :
         - v. -                        :   16 Cr. __ ()
                                       :
JONA RECHNITZ,                         :
                                       :
              Defendant.               :
                                       :
- - - - - - - - - - - - - - - - - - - x
```

RUSSELL CAPONE hereby affirms, under penalty of perjury and pursuant to 28 U.S.C. § 1746, as follows:

1. I am an Assistant United States Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York, and I am familiar with this matter. By this affirmation, the Government applies for an order of the Court directing that the Notice of Intent in the above-captioned matter be filed under seal until further order of the Court and that docketing of the Notice of Intent be delayed until further order of the Court.

2. The defendant has not yet been charged with any crimes. Rather, the defendant was a target in a Government investigation into municipal corruption and came forward to begin cooperating before being charged. The defendant has agreed to waive indictment and consent to the filing of an Information in this matter.

3. The defendant is cooperating in investigations of



corruption by members of the New York City Police Department ("NYPD"), the Correction Officers Benevolent Association ("COBA"), ███████████████████████████████████, and fundraisers for New York City Mayor Bill De Blasio. The defendant has been involved, and has provided information, about each of these investigations, including but not limited to (i) providing expensive gifts to high-ranking NYPD members in exchange for official actions; (ii) facilitating a significant kickback payment to the President of COBA in exchange for multi-million dollar investments by COBA into a Manhattan-based hedge fund; (iii) providing and facilitating extensive donations to Mayor DeBlasio's campaign and other causes as requested by Mayor DeBlasio in exchange for promises of official action by the Mayor's former Campaign Finance Director; and (iv) ███████████████████████████████████████████████████████████

4. While certain aspects of the investigations have become public and have been the subject of media reports, the full extent of the investigations, as well as potential targets, remains highly confidential and is the subject of ongoing grand jury proceedings. If the Notice of Intent were to become public premature, there would be widespread speculation that the defendant was cooperating with the Government, and the ongoing investigations potentially would be

2

severely jeopardized as potential targets could destroy evidence, flee, or collude with one another to fabricate testimony, among other possible harms to the investigations. The defendant's name and role as a large contributor to Mayor De Blasio has already been in the press, and the mere fact that he intended to waive indictment, if done publicly, would almost certainly generate widespread media coverage and thereby provide notice to other potential defendants that the defendant may be cooperating and that the Government's investigations has entered a new, more serious stage. In addition, certain targets of the investigation implicated by the defendant's cooperation have significant overseas ties and present a risk of flight.

6. Further, the defendant is providing detailed information about, among other things, high-ranking NYPD officials who regularly carry firearms. At the time that the defendant's name was first reported in the press a few weeks ago as linked to the NYPD investigation, the defendant received anonymous threatening calls. In addition, one high-ranking NYPD official who was involved in the investigation and interviewed by the Government recently committed suicide with his work-issued gun.

7. Although there is a qualified right of public access to Court documents, the Second Circuit has recognized that documents may be filed under seal to, among other things, further

ongoing law enforcement efforts, including grand jury investigations, and to prevent danger to persons or property. *See United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995); *United States v. Cojab*, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); *United States v. Haller*, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing cooperation); *see also* Fed. R. Crim. P. 49.1(d) and (e) & advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "motions for downward departure for substantial assistance" and "plea agreements indicating cooperation"). The Second Circuit has also recognized that even docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket could be sealed. *See United States v. Alcantara*, 396 F.3d 189, 200 n.8 (2d Cir. 2005).

8. Compelling law enforcement interests support the requested relief in this case. Aspects of the investigations as to which the defendant is providing information remain confidential and are subject to ongoing investigative efforts by the Government. In addition, as detailed above, there are ample safety-related concerns attendant to the defendant's cooperation. Exposure of the defendant's intent to waive indictment at this point could compromise

4

ongoing multiple investigations and create unnecessary safety risks. An order granting the requested relief would greatly reduce the risk that the defendant's cooperation with the Government will be exposed.

9. This matter will not be sealed for an extended period. At the point that charges are filed against individuals as to whom the defendant is providing information, it may no longer be possible to maintain the confidential nature of the defendant's cooperation. As such, the Government proposes that it provide a status update to the Court within 30 days of entry of the proposed attached order.

10. Accordingly, the Government requests that the Court enter an order directing that the Notice of Intent in this matter be sealed until further order of the Court and that docketing of the Notice of Intent be delayed until further order of the Court.

11. The Government also requests that this Application and any related order be sealed and their docketing delayed until further order of the Court.

12. Further, the Government requests that it shall report to the District Court to which this case is assigned on or before 30 days after execution of the order, regarding the continuing need, if any, to maintain these matters under seal.

13. The defendant's attorneys, Alan Levine and Laura Birger, Esq., consent to this request. No prior request for the relief set forth herein has been made.

Dated: New York, New York
       June 2, 2016

                                                _____
                                                RUSSELL CAPONE
                                                Assistant United States Attorney
                                                Southern District of New York
                                                Tel.: (212) 637-2247