|  |  |
|---|---|
| **From:** | ▮▮▮▮▮▮ |
| **To:** | Pomerantz, Lara (USANYS) |
| **Subject:** | [EXTERNAL] Notice Regarding Criminal Conduct and Upcoming Sentencing |
| **Date:** | Friday, February 20, 2026 2:03:37 PM |
| **Attachments:** | B332788_OPF.pdf |

Dear Ms. Pomerantz,

I hope this message finds you well.

Please see the attached appellate ruling affirming findings of fraud and civil theft against Jona Rechnitz. As you know, the court upheld a judgment exceeding $17 million based on findings that included intentional misconduct and criminal intent.

I am currently involved in active separate litigation with Mr. Rechnitz and have experienced firsthand what I believe to be a continued pattern of unethical and unlawful behavior. Given his upcoming sentencing on Tuesday, I believe it is important that you are fully aware of his ongoing conduct during the period in which he has been under government protection.

This is just one example of numerous frauds that Rechnitz has orchestrated since 2018. He's targeted many members of the orthodox community and has used the federal government as his protection.

It is deeply concerning to me and others in the community that serious misconduct appears to have continued while he was operating under such protection. I respectfully request that this information be considered in connection with any sentencing considerations and that the Court is aware that these concerns have been formally raised.

Please insure that the judge is aware as well.

If additional documentation or information would be helpful, I am prepared to provide it.

Thank you for your time and attention to this matter.


Respectfully,

▮▮▮▮▮▮



Filed 2/19/26

**FILED Feb 19, 2026 EVA McCLINTOCK, Clerk rgonis Deputy Clerk**

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| PAY UP JR, LLC,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JONA RECHNITZ et al.,<br><br>    Defendants and Appellants. | B332788<br><br>(Los Angeles County<br>Super. Ct. No. 20SMCV00216) |

    APPEAL from a judgment of the Superior Court of Los Angeles County. Mark Epstein, Judge. Affirmed.

    Robert W. Hirsh & Associates and Robert W. Hirsh for Defendants and Appellants.

    Frandzel Robins Bloom & Csato, Michael Gerard Fletcher, and Hal D. Goldflam for Plaintiff and Respondent.

_____

## INTRODUCTION

Defendants Jona Rechnitz and Jadelle Jewelry & Diamonds, LLC (Jadelle Jewelry) appeal from the trial court's judgment entered in favor of plaintiff Victor Franco Noval[1] after a bench trial. Defendants contend insufficient evidence supports several of the court's findings, and that the court abused its discretion in admitting certain pieces of evidence. Due to serious defects in their appellate briefs, defendants have forfeited all the claims of error that they raise on appeal. Accordingly, we affirm.

## BACKGROUND

### 1.  The loans

In 2019, Noval loaned about $6 million, through a series of installments, to Jadelle Jewelry. Before Noval advanced each installment of the loan to Jadelle Jewelry, Rechnitz pledged some jewelry as collateral for the loan. Rechnitz assured Noval that the total value of the jewelry was higher than the total value of the loan.

In March 2019, Noval and Jadelle Jewelry executed a document entitled, "DEBT ACKNOWLEDGMENT, PROMISSORY NOTE AND SECURITY AGREEMENT" (Promissory Note). The Promissory Note memorializes a portion of the loan, specifically four installments totaling $2.85 million that Noval advanced to Jadelle Jewelry between January and March 2019. The Promissory Note sets forth the terms of repayment for those installments, including the maturity date for

---

[1]  After the judgment was entered, Noval assigned his interest in the judgment to Pay Up Jr, LLC (Pay Up). We granted Pay Up's application to substitute itself as the real party in interest for Noval.

2

each installment and the monthly interest payments Jadelle Jewelry was required to make on each installment.  The Promissory Note also includes a guaranty, which states that Jadelle Jewelry's payment obligations are secured by, among other things, the jewelry that the company pledged as collateral.

Around December 2019, Rechnitz asked Noval to return the jewelry that he was holding as collateral because Rechnitz wanted to display it at a show in Los Angeles.  Rechnitz told Noval that he would use the money he obtained from any sales at the show to pay off the money that Noval loaned to Jadelle Jewelry.  Rechnitz promised to return to Noval any unsold jewelry the day after the show.  Noval agreed to allow Rechnitz to display the jewelry at the show.  Rechnitz did not sell any jewelry at the show.

The day after the show, Rechnitz asked if he could keep the jewelry while he tried to sell it to a potential buyer.  Noval allowed Rechnitz to hold the jewelry.  Over the next several weeks, Rechnitz repeatedly told Noval that he would return the jewelry or pay off the money that Noval lent to him.

In January 2020, Rechnitz gave Noval three checks, one for $1.3 million, one for $2.5 million, and one for $4.5 million, which were intended to repay Noval's loan to Jadelle Jewelry.  Noval was not able to cash any of the checks.  Jadelle Jewelry never repaid Noval's loan, and Rechnitz never returned the jewelry that he pledged as collateral to secure the loan.

**2.    The lawsuit**

In February 2020, Noval sued Rechnitz, Rechnitz's wife, Jadelle Jewelry, and a company called "Jadelle Inc."  Noval's operative first amended complaint asserted claims for fraud, civil

3

theft, breach of contract, and conspiracy to commit theft, fraud, and fraud by concealment.

In February 2023, the trial court held a bench trial on Noval's claims. Noval and his brother were the only witnesses who testified. Rechnitz and his wife did not testify because they invoked their Fifth Amendment right against self-incrimination.

In May 2023, the court issued a final statement of decision. The court found Rechnitz and Jadelle Jewelry liable for fraud and civil theft, and Jadelle Jewelry liable for breach of contract. The court found Noval suffered $5.9 million in actual damages with respect to his civil theft cause of action, which tripled to $17.7 million under Penal Code section 496, subdivision (c). Although the court found Noval also suffered nearly $6 million in damages for each of his fraud and breach of contract causes of action, it found those damages were duplicative of the damages he suffered for his civil theft cause of action. The court found in favor of Rechnitz's wife and Jadelle Inc. on all of Noval's causes of action.

In June 2023, the court entered judgment in Noval's favor against defendants for $17.7 million, plus prejudgment and postjudgment interests, costs, and attorney fees. The court later denied defendants' motions for a new trial and to vacate the judgment.

Defendants appeal.

## DISCUSSION

At the outset, we highlight some serious defects in defendants' appellate briefs. These defects include a failure to cite and discuss relevant evidence that was presented at trial, and a failure to provide reasoned legal argument supported by factual analysis and citations to relevant authority. As we

4

explain, these defects undermine all the arguments that defendants raise on appeal.

It is a fundamental rule of appellate review that the challenged judgment or order is presumed to be correct and that the appellant carries the burden to affirmatively demonstrate error. (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799 (*Dietz*).) To overcome this burden, the appellant must, among other things, tailor each argument raised in its appeal to the applicable standard of review (*Sonic Mfg. Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465); support each claim with "reasoned argument and citations to authority" (*Dietz*, at p. 799); and set forth, discuss, and analyze all the evidence, both favorable and unfavorable to the appellant's position, that supports the trial court's factual findings that are challenged on appeal (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218 (*Roman Catholic Archbishop*)). An appellant's failure to comply with any of these requirements may result in a waiver of the appellant's claims on appeal. (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296; *Sonic Mfg.*, at p. 465; *Dietz*, at p. 799; *Roman Catholic Archbishop*, at p. 218.)

As a threshold matter, we note that at oral argument, defendants withdrew the argument raised in their opening brief challenging the trial court's decision to admit into evidence the Promissory Note, because it was not authenticated and contained hearsay statements. Because defendants have withdrawn this argument, we need not address it.

The next defect—defendants' failure to discuss Noval's testimony—undermines defendants' remaining arguments. An appellant challenging the "sufficiency of the evidence to support a finding must set forth, discuss, and analyze all the evidence on

5

that point, both favorable and unfavorable." (*Roman Catholic Archbishop*, *supra*, 177 Cal.App.4th at p. 218.) If the appellant fails to discuss and analyze evidence that is relevant to the court's challenged finding, the appellant waives any claim that the finding is not supported by substantial evidence. (*Ibid.*)

Defendants argue the record does not support the following findings made by the trial court: (1) Noval was Jadelle Jewelry's lender and creditor; (2) the jewelry that Jadelle Jewelry pledged as collateral to secure Noval's loan was worth more than the total value of the loan; (3) defendants acted with the requisite criminal intent for civil theft; and (4) Noval and Jadelle Jewelry entered into an enforceable written contract. Because these findings are not supported by the evidence, defendants claim the court erred in finding them liable for fraud, civil theft, and breach of contract. As we explain, Noval's testimony is relevant to each of these findings.

First, Noval's testimony supports the court's finding that he was Jadelle Jewelry's creditor. Noval testified that he agreed to loan money to Jadelle Jewelry, that he made each of the payments advancing money to the company under that loan, and that the company wrote unfunded checks to him in an effort to repay him for the loan.

Second, Noval's testimony supports the court's finding that the jewelry that Jadelle Jewelry pledged as collateral to secure the loan was worth more than the total value of the loan. Noval testified that before he advanced each installment of the loan to Jadelle Jewelry, the company gave him jewelry as collateral to secure each installment of the loan. According to Noval, he "was sure to get more collateral and make sure that it was of a value that would keep [him] safe in this loan." Noval testified that

6

Rechnitz assured him that the total value of the jewelry that was pledged as collateral was "more than sufficient to cover the value of the loan."

Third, Noval's testimony could support a finding that defendants acted with the criminal intent needed to establish liability for civil theft under Penal Code section 496. Under subdivision (c) of that statute, any person who is injured by a violation of subdivision (a) "may bring an action for three times the amount of actual damages . . . sustained by the plaintiff." (Pen. Code, § 496, subd. (c).) To establish a violation of subdivision (a), the plaintiff must prove: (1) the property was stolen; (2) the defendant knew the property was stolen; and (3) the defendant had possession of the stolen property. (*Lacagnina v. Comprehend Systems, Inc.* (2018) 25 Cal.App.5th 955, 970.)

To prove civil theft, "a plaintiff must establish criminal intent on the part of the defendant beyond 'mere proof of nonperformance or actual falsity.'" (*Siry Investment, L.P. v. Farkhondehpour* (2022) 13 Cal.5th 333, 361–362.) Evidence that the defendants "acted not innocently or inadvertently, but with careful planning and deliberation" will support a finding of criminal intent. (*Id.* at p. 362.)

Noval testified in detail about how Rechnitz convinced him to relinquish possession of the jewelry that Jadelle Jewelry had pledged as collateral to secure the underlying loan. Noval also testified about how defendants refused to return the jewelry, despite Noval's repeated requests for them to do so, and how Rechnitz tried to prevent Noval from contacting law enforcement to help recover the jewelry. Although defendants attempted to address this evidence at oral argument, they made no effort to do

7

so in their opening brief.  By failing to address Noval's testimony in their opening brief, defendants have forfeited any claim that it does not support an inference that Rechnitz acted with the requisite criminal intent.  (See *Collins v. Navistar, Inc.* (2013) 214 Cal.App.4th 1486, 1508, fn. 8.)

      Finally, the court expressly relied on Noval's testimony when it found there was an enforceable contract between himself and Jadelle Jewelry.  As the court explained, Noval "testified that he made the payments at issue," including writing the checks through which the money was advanced to Jadelle Jewelry.  The court also explained that it found Noval's testimony was credible about the formation of the loan agreement with Jadelle Jewelry.  Our review of the record confirms that Noval's testimony was consistent with the court's findings.  To the extent defendants argue that the court erred in finding Jadelle Jewelry liable for breach of contract based on Noval's testimony, they have forfeited that argument by failing to develop it.  (*Dietz*, *supra*, 177 Cal.App.4th at p. 799.)

      In short, Noval's testimony is relevant to each of the trial court's findings that defendants challenge on appeal.  But defendants do not discuss, let alone cite, any of Noval's testimony in their appellate briefs.  By failing to discuss that testimony, defendants have forfeited any claim of error related to the court's findings that they challenge on appeal.  (*Roman Catholic Archbishop*, *supra*, 177 Cal.App.4th at p. 218.)

8

## DISPOSITION

The judgment is affirmed.  Pay Up shall recover its costs on appeal.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

SCHERB, J.