# SHER TREMONTE LLP

March 6, 2026

**BY ECF**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    **Re:**    ***United States v. Jona Rechnitz***, 16 Cr. 389 (KPF)

Dear Judge Failla:

    I represent Jona Rechnitz. I write in response to the submission, filed by the government on February 21, 2026, appending an email and certain attachments from an individual named Jayson Winer in connection with Mr. Rechnitz's sentencing. ECF No. 257. Mr. Rechnitz will address more fully the attempts by various unrelated parties to influence his sentencing at the hearing on March 10, but because the government filed Mr. Winer's submission—which contains many scurrilous allegations—on the public docket, Mr. Rechnitz is compelled to respond publicly.

    First, a word about the source of the submission. Mr. Winer is a self-proclaimed digital artist and entrepreneur in Florida who goes by the pseudonym "Mr. Black." He is currently running for Governor of Florida on a platform of "purg[ing] globalist influences" from the state. *Jayson Winer, aka Mr. Black, Annouces Candidacy for Florida Governor on Bold Faith, Family, and Freedom Platform*, Yahoo! Finance, Feb. 26, 2026, https://finance.yahoo.com/news/jayson-winer-aka-mr-black-151600697.html. He has sued Mr. Rechnitz in Florida state court based on the frivolous and improbable claims. *See Winer v. Frist Apex Ventures, LLC*, No. 2025-001656-CA-01. Most importantly, for purposes of understanding his motivation for attacking Mr. Rechnitz and inserting himself in this matter in particular, Mr. Winer is a former employee of Platinum Partners, the hedge fund at issue in this case, whose demise he blames on Mr. Rechnitz.

    In addition to his baseless lawsuit, Mr. Winer has engaged in a campaign of harassment against Mr. Rechnitz on X and also by direct message. For example, through his X handle Mr. Black, Mr. Winer posted the following tweets about Mr. Rechnitz on September 7, 2025 and January 24, 2026 respectively:

Hon. Katherine Polk Failla
January 14, 2026
Page 2



Mr. Winer has also attempted to harass and intimidate Mr. Rechnitz directly by messaging him on WhatsApp, including sending him images of government filings in this case and calling him a "RAT" and "Sattan" (Hebrew for Satan), as evident here:



Hon. Katherine Polk Failla
January 14, 2026
Page 3

As a result of this campaign of harassment and intimidation, Mr. Rechnitz has been forced to get a restraining order against Mr. Winer. *See* **Exhibit A**. Mr. Winer's disturbing behavior, combined with his admitted goal of seeking "vengeance" on behalf of Platinum Partners, should give the Court serious pause in crediting the claims in his email that Mr. Rechnitz has orchestrated "numerous frauds." ECF No. 257-1 at 1.

Moreover, the appellate ruling Mr. Winer appended to his email, which he says "affirm[s] findings of fraud and civil theft" against Mr. Rechnitz, *id.*, is provided entirely without context and in highly misleading fashion. That decision stems from a lawsuit filed in 2021 against Mr. Rechnitz and his entity Jadelle Jewelry. *See Noval v. Rechnitz*, 20SMCV00216. That civil case concerned certain jewelry that Mr. Rechnitz purchased on consignment that was taken from his safe. The matter was litigated at the same time a parallel investigation was being conducted by the FBI and the U.S. Attorney's Office for the Central District of California ("USAO-C.D. Cal."). Because of the pending investigation, on the advice of counsel, Mr. Rechnitz asserted his right against self-incrimination under the Fifth Amendment, which prevented him from countering the plaintiff's claim and led to the adverse findings referenced in Mr. Winer's email. Importantly, however, the government's investigation ultimately determined that the jewelry was stolen from Mr. Rechnitz and the USAO-C.D. Cal. classified Mr. Rechnitz as a pure witness in the investigation. The appellate decision from the California Court of Appeals, which affirms the trial court findings on the basis that Mr. Rechnitz's argument on appeal was procedurally waived, thus in no way supports Mr. Winer's baseless claim that "serious misconduct [by Mr. Rechnitz] appears to have continued while he was operating under [government] protection." ECF No. 257-1 at 1.

I recognize that, under 18 U.S.C. § 3661, the Court has wide discretion to consider essentially any fact that is relevant to sentencing. But given the bias of Mr. Winer and the misleading nature of his submission, I respectfully submit that his submission should be disregarded or given little, if any, weight. If anything, what the submission demonstrates is that the pattern of harassment Mr. Rechnitz experienced during his trial testimony has continued unabated up until the present time and is a burden he still bears as a result of his cooperation with the government.

Respectfully submitted,

/s/ *Noam Biale*
Noam Biale
SHER TREMONTE LLP

*Attorneys for Jona Rechnitz*

cc:     All counsel of record (by ECF)